IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MELVIN THORNE,
Plaintiff,

v.  Civil No. 3:20cv620 (DJN)

DOCTOR CANE, *et al.*,
Defendants.

**MEMORANDUM OPINION**

Plaintiff Melvin Thorne ("Plaintiff"), a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).

By Memorandum Order entered on January 14, 2021, the Court directed Plaintiff to particularize his complaint. (ECF No. 5.) Plaintiff complied with that directive. (ECF No. 6.) However, Plaintiff's Particularized Complaint remains deficient, because it is vague and fails to provide the Defendants with fair notice of the facts and legal basis upon which his or her liability rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests" (internal quotations omitted)). Accordingly, by Memorandum Order entered on March 4, 2021, the Court directed Plaintiff to submit a second particularized complaint within fourteen (14) days of entry

thereof. (ECF No. 7.) The Court warned Plaintiff that failure to submit a second particularized complaint would result in dismissal of the action. (ECF No. 7 at 2–3.)

Twenty days later, on March 24, 2021, Plaintiff requested that the matter be continued indefinitely. (ECF No. 8.) By Memorandum Order entered on April 13, 2021, the Court denied Plaintiff's request for an indefinite continuance. (ECF No. 9.) Nevertheless, the Court granted Plaintiff an additional thirty (30) days to submit his second particularized complaint. (ECF No. 9 at 1.)

More than thirty (30) days have elapsed since the entry of the April 13, 2021 Memorandum Order. Plaintiff failed to submit a second particularized complaint or otherwise respond to the April 13, 2021 Memorandum Order. Plaintiff's conduct demonstrates a willful failure to prosecute under Federal Rule of Civil Procedure 41(b). Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

                                               /s/
                                          David J. Novak
                                          United States District Judge

Richmond, Virginia
Dated: June 16, 2021